IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATHIAS THOMAS KOPP,<br>      Defendant. | CRIMINAL CASE NO.<br>1:12-CR-00269-RWS-JFK-1 |

## **REPORT AND RECOMMENDATION**

Pending before the court is Defendant Mathias Thomas Kopp's motion [Doc. 17] to dismiss for lack of jurisdiction and improper venue. Defendant also seeks to preserve constitutional challenges that he acknowledges have been resolved adversely to him by the Eleventh Circuit Court of Appeals. [Id.]. Defendant is charged with a violation of 18 U.S.C. § 2250(a), Sex Offender Registration and Notification Act ("SORNA"). [Doc. 1]. Defendant first contends that venue does not lie in the Northern District of Georgia but in Florida because he did not commit the offense for which he is charged until he crossed the State line into Florida and failed to register. [Doc. 17 at 8-10]. Defendant also contends that he should not have been subjected to the registration requirement because he was not advised of that requirement in tendering his guilty pleas in the cases that triggered the applicability of the

requirement. [Id. at 12]. And, although rejected by the Eleventh Circuit Court of Appeals, Defendant contends that application of the statute to him is a violation of the *ex post facto* clause; that the decision to apply the registration requirement retroactively violated the Administrative Procedures Act ("APA"); that Congress' delegation of authority to the Attorney General violated the non-delegation doctrine; that enactment of the statute exceeded Congress' authority pursuant to the commerce clause and the necessary and proper clause; and that his procedural and due process rights are violated by application of SORNA to him. [Id. at 10-12]. The Government has responded opposing the motion to dismiss. [Doc. 21].

**I.    Background Facts**

On August 21, 2012, Defendant was charged by a federal grand jury sitting in the Northern District of Georgia with a violation of 18 U.S.C. § 2250(a). The indictment alleges that between April 6, 2012, and June 19, 2012, in this District and elsewhere, Defendant, being a person required to register under SORNA, 42 U.S.C. § 16901, *et seq.*, traveled in interstate commerce and knowingly failed to register and update his registration as required by SORNA. [Doc. 1]. The following facts are taken from Defendant's motion to dismiss. [Doc. 17 at 2-6].

2

On March 8, 2002, Defendant, who is a United States citizen, was sentenced in the Republic of Hungary to serve seven years and eight months in prison for "rape to the detriment of a minor who has not completed her 12th year."[1] Thereafter, due to Defendant's citizenship, he requested a treaty transfer to the United States for service of his sentence. After review of his case by a federal probation officer, the United States Parole Commission in April 2004 determined that Defendant should serve a custodial sentence, with good time credit, until February 19, 2008, and that the remaining period, until his full release date of February 19, 2009, should be served on supervised release.

With the passage of the Adam Walsh Child Protection and Safety Act in 2006, the Bureau of Prisons ("BOP") was authorized to attempt to civilly commit a person deemed sexually dangerous and to stay the release date of such person pending the conclusion of civil commitment proceedings. On October 5, 2007, the BOP commenced proceedings to seek Defendant's civil commitment. Those proceedings, including various appeals, were protracted until October 2011 when Defendant agreed to a settlement in which the Government dismissed the civil commitment proceeding

---

[1] Defendant was also apparently convicted in the State of Louisiana; however, the parties do not provide any details regarding the timing or nature of that conviction. [Doc. 17 at 1].

3

and Defendant agreed to a three year term of supervised release. As all of the proceedings related to the civil commitment occurred in the Eastern District of North Carolina, the court assumes Defendant was housed in a facility in that District. On October 17, 2011, Defendant was released for supervision in the Northern District of Georgia. United States v. Kopp, 1:11-CR-480-RWS.

Defendant, as required by SORNA, registered with Fulton County on October 27, 2011.[2] In November 2011, Defendant's supervision was modified to include six months of residence at the halfway house and six months of electronic monitoring. And on April 9, 2012, District Judge Richard Story issued a warrant on a petition to revoke Defendant's supervised release based on the allegations that Defendant left the halfway house and removed his ankle monitor on April 6, 2012. Defendant was subsequently arrested for trespassing in Daytona Beach, Florida, and removed back to this District for revocation proceedings. The petition was ultimately dismissed. As noted, on August 21, 2012, Defendant was indicted for a violation of SORNA occurring between April 6, 2012, and June 19, 2012.

---

[2]This information was verified by Defendant's former supervising Probation Officer, Chris Colquitt.

4

## II. Discussion

### a. Statutory Requirements

Title 42, section 16913 of the United States Code provides in pertinent part:

> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. . . .

42 U.S.C. § 16913(a). And subsection (c) provides in pertinent part:

> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. . . .

42 U.S.C. § 16913(c). Finally, Title 18, section 2250 of the United States Code provides in pertinent part:

> (a) **In general.** -Whoever-
>
>   (1) is required to register under the Sex Offender Registration and Notification Act [SORNA]; . . .
>
>   (B) travels in interstate or foreign commerce . . . ; and
>
>   (C) knowingly fails to register or update a registration as required by the [SORNA];
>
> shall be fined under this title and imprisoned not more than 10 years, or both.

18 U.S.C. § 2250.

5

### b. Claims Resolved by the Eleventh Circuit Court of Appeals

As Defendant notes, a number of his claims in the motion to dismiss have been decided adversely to him by the Eleventh Circuit Court of Appeals and, thus, do not require a lengthy discussion by this court. In United States v. W.B.H., 664 F.3d 848 (11th Cir. 2011), the court held that retroactive application of the registration requirements of SORNA did not violate the *ex post facto* clause of the Constitution. Accordingly, Defendant's motion to dismiss on this ground is foreclosed in this circuit. In United States v. Dean, 604 F.3d 1275, 1278-82 (11th Cir. 2010), the court found that the process by which the Attorney General determined that SORNA was to be applied retroactively did not violate the requirements of the APA; therefore, the court denies Defendant's motion to dismiss on this ground. And in United States v. Ambert, 561 F.3d 1202 (11th Cir. 2009), the Eleventh Circuit Court of Appeals found that application of SORNA did not violate a defendant's procedural or substantive due process rights, id. at 1208-09, that Congress had the power under both the commerce clause and the necessary and proper clause to enact the statute, id. at 1210-12, and that the implementation of the Act by the Attorney General did not violate the non-delegation doctrine, id. at 1212-14. Based on the decision in Ambert, Defendant's motion to dismiss should be denied on these grounds.

6

### c. Venue

Defendant also attacks the indictment on the grounds that venue is not proper in this District and, for that reason, contends that the indictment should be dismissed for lack of jurisdiction. Although the Eleventh Circuit Court of Appeals has not addressed venue in cases involving charges brought pursuant to SORNA, other circuit courts and the district courts that have considered lack of venue claims on the grounds raised by Defendant Kopp have ruled against the position taken by Defendant in this case.

"It is by now well-settled that venue is an essential element of the government's proof at trial. 'Questions of venue . . . are not to be taken lightly or treated as mere technicalities. . . .'" United States v. Snipes, 611 F.3d 855, 865-66 (11th Cir. 2010) (citation omitted). Rule 18 of the Federal Rules of Criminal Procedure as well as the U.S. Constitution and the Sixth Amendment "'guarantee defendants the right to be tried in the district in which the crime was committed.'" Id. at 866 (citation omitted). However, Defendant improperly attempts to test the facts upon which venue is asserted in a pre-trial motion to suppress.

The Eleventh Circuit Court of Appeals recently reiterated the law regarding attacks on the sufficiency of an indictment: "By now it has become well-established

7

that '[t]he sufficiency of a criminal indictment is determined from its face.'... 'For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet.' ... 'An indictment not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute.'" United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (citations omitted). In this regard "an indictment must be sufficiently specific to inform the defendant of the charge against him and to enable him to plead double jeopardy in any future prosecution for the same offense.... An indictment satisfies these requirements as long as the language therein sets forth the essential elements of the crime." United States v. Cole, 755 F.2d 748, 759 (11th Cir. 1985); see also United States v. Dabbs, 134 F.3d 1071, 1079 (11th Cir. 1998) ("We deem an indictment sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.").

In resolving Defendant's pretrial motion to dismiss, the court is not determining whether the Government's evidence is sufficient to find that venue is proper in this

8

District - such a determination is left to the trial jury. See Snipes, 611 F.3d at 866 ("a jury must decide whether the venue was proper"); Sharpe, 438 F.3d at 1263 ("In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes. . . . It is well-settled that 'a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial.'") (citations omitted) (emphasis in original). As stated by the district court in United States v. Ferguson, 142 F. Supp. 2d 1350 (S.D. Fla. 2000):

> In criminal proceedings, there is no summary judgment mechanism. . . . "Nor do the rules provide for a pre-trial determination of sufficiency of the evidence." . . . This, of course, is because the resolution of factual questions is the sole province of the jury. . . .
>
> [T]he Court's review at this stage of the proceeding is very limited. The Court may dismiss the case based upon: (1) a legal infirmity or defect in the charging instrument; or (2) a purely legal question, such as a determination that the statute is unconstitutional. Any issues that require consideration of the facts underlying this prosecution, however, are not the proper subject of a pretrial motion to dismiss.

Id. at 1353-54 (citations omitted); see also United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of the sufficiency of the evidence. . . . The sufficiency of a criminal indictment is determined from its face.

9

The indictment is sufficient if it charges in the language of the statute."). These considerations apply equally to a facially sufficient indictment, such as returned by the properly constituted grand jury in this case, that pleads that the offense occurred in the Northern District of Georgia. In Snipes, the court noted that "the grand jury returned a facially sufficient indictment, with a clear statement of venue." 611 F.3d at 866. Such an indictment, "if valid on its face, is enough to call for trial of the charge on the merits." Id. The court further held that it would not have been appropriate for the court to make a finding on any pretrial consideration of the facts. Id. The same is true in this case.

Additionally, as noted, under facts similar to those in this case, courts have rejected challenges to venue for charges brought pursuant to SORNA when the indictment is returned in the District from which Defendant moved or began his interstate travel. See, e.g., United States v. Stewart, 461 Fed. Appx. 349, 351 (4th Cir. 2012); United States v. Leach, 639 F.3d 769, 771-72 (7th Cir. 2011); United States v. Howell, 552 F.3d 709, 717-18 (8th Cir. 2009); United States v. Miles, 2010 WL 334713, at **2-3 (M.D. Ala. January 22, 2010); United States v. Thompson, 595 F. Supp. 2d 143, 148-49 (D. Me. 2009); United States v. Young, 582 F. Supp. 2d 846, 849-50 (W.D. Tex. 2008). In this case, Defendant resided in the Northern District of
10

Georgia from October 17, 2011, through at least April 6, 2012. Defendant registered in Fulton County as required under SORNA on October 27, 2012. Defendant left this District, on or about April 6, 2012, and subsequently was found in Daytona Beach, Florida. According to the charge in the indictment, following that relocation, Defendant neither registered in the State of Florida nor updated his registration in the State of Georgia as required under the statute.

Although Defendant argues that he only violated the statute after he relocated to Florida and then failed to register, he misunderstands the nature of the violation at issue. "A sex offender violates SORNA only when he or she moves between states. Thus, a SORNA violation involves two different jurisdictions." Howell, 552 F.3d at 718. As such, because SORNA does not have venue provision, 18 U.S.C. § 3237 controls and provides that "any offense 'begun in one district and completed in another, or committed in more than one district,' may be prosecuted 'in any district in which such offense was begun, continued, or completed.'" Leach, 639 F.3d at 772 (quoting 18 U.S.C. § 3237(a)). Defendant Kopp's offense began when he left the Northern District of Georgia, requiring him to update, which he did not, his registration, see 42 U.S.C. § 16913(c), and was completed when he failed to register with the proper authorities in Florida after arriving there, see § 16913(a). See Leach,

AO 72A
(Rev.8/82)

639 F.3d at 772 (finding under these circumstances that venue was proper in either the district from which the defendant left or in the district to which he relocated); Howell, 552 F.3d at 718 (same); Thompson, 595 F. Supp. 2d at 149 (same); and see Stewart, 461 Fed. Appx. at 352 (The defendant's "offense began in Virginia because his move from that state gave rise to his duty to register in Kentucky, where his offense was completed when he failed to register[;]" thus, "venue was proper" in the district in Virginia.).

Accordingly, if this question is addressed before trial, under the facts as articulated by Defendant, venue is proper in the Northern District of Georgia. Defendant's motion to dismiss should be denied on this ground.

### d. Underlying Offenses

Finally, Defendant appears to attack the instant indictment by objecting to the registration requirement "because he was never told that a consequence of his pleas in either the state case or his Hungarian case would be lifetime sex offender registration requirement." [Doc. 17 at 12 (citing *inter alia* Bauder v. Dept. of Corrections, 619 F.3d 1272 (11th Cir. 2010) (finding that defense attorney was ineffective for failing to

12

advise client of exposure to risk of civil commitment)].³ Defendant may not seek to dismiss the charge in this indictment by collaterally attacking the offenses underlying the registration requirement on the grounds of ineffective assistance of counsel.

In <u>Curtis v. United States</u>, 114 S. Ct. 1732 (1994), the Supreme Court rejected a defendant's challenge to his enhanced sentencing pursuant to 18 U.S.C. § 924(e) by attacking the validity of the prior convictions which triggered the enhancement. <u>Id.</u> at 1739. The defendant contended that one or more of those convictions occurred in cases in which he received ineffective assistance of counsel and that, therefore, the federal court should not count those convictions. <u>Id.</u> at 1735-36. Finding that the statute, section 924(e), did not provide for a collateral challenge to the underlying convictions, the Supreme Court declined to find a constitutional requirement that such convictions could be challenged on the ground of ineffective assistance of counsel. <u>Id.</u> at 1737. As contrasted to a situation in which a defendant was denied *any* representation by counsel and in which the Court had found that such a conviction "is

---

³Although Defendant reserved the right to challenge the Hungarian conviction as not complying with 42 U.S.C. § 16911(5)(B), which provides that "[a] foreign conviction is not a sex offense for the purposes of this subchapter if it was not obtained with sufficient safeguards for fundamental fairness and due process for the accused" as established, Defendant does not appear to be attacking that conviction on such grounds in this motion. [Doc. 17 at 2 n.1].

13

inherently prejudicial" and that "use of such a tainted prior conviction" to be improper, id. at 1737, the Court refused to extend the holding to use of prior convictions attacked on the grounds of ineffective assistance of counsel or on the grounds that a guilty plea was not knowing and intelligent, id. at 1738. The Court stated, "None of these alleged constitutional violations rises to the level of a jurisdictional defect resulting from the failure to appoint counsel at all." Id.

The decision in Curtis has been extended to find that a defendant cannot attack prior convictions used to enhance a sentence under the sentencing guidelines. United States v. Loomis, 230 Fed. Appx. 938, 939 (11th Cir. 2007) ("we have noted that '[c]ollateral attacks on prior convictions are allowed in federal sentencing proceedings in one narrow circumstance only: when the conviction was obtained in violation of the defendant's right to counsel'") (citation omitted). And in situations more analogous to that before the court, courts have declined to allow a defendant to collaterally attack a prior conviction that is used to establish an element of the offense for which the defendant is on trial on any grounds other than denial of the right to counsel (that is, absent statutory authorization, see, e.g., 21 U.S.C. § 851, to the contrary).

In United States v. Rodriguez-Perez, 428 Fed. Appx. 324 (5th Cir. 2011), the defendant was convicted of illegal re-entry following a deportation. The defendant

14

contended that he should have been allowed to collaterally attack a prior conviction upon which his illegal re-entry conviction and sentence was based because counsel in that prior case was ineffective. According to the defendant, counsel in the prior case did not advise the defendant that a conviction in that case would subject him to deportation, as required by the Supreme Court in Padilla v. Kentucky, 130 S. Ct. 1473, 1478 (2010), and if he had known of that consequence, he would not have pled guilty. Id. at 327. Much as Defendant Kopp argues herein, that defendant argued "that in light of Padilla his 1995 conviction was unconstitutionally obtained, his subsequent deportation based on that conviction was invalid, and each of his subsequent convictions and sentences for illegal re-entry, including those in the instant case, are also invalid." Id. However, applying the decision in Curtis, the court declined to adopt the defendant's arguments, stating, "absent specific statutory authorization to bring such a collateral attack in a later proceeding, a claim of ineffective assistance of counsel does not provide a basis on which a defendant can collaterally attack a prior conviction on which his present conviction or sentence rests."[4] Id. at 327-28. See also United States v. Brand, 163 F.3d 1268, 1275-76 (11th Cir. 1998) (refusing to allow a

---

[4]Defendant has pointed to no such statutory authorization, beyond that proscribed by 42 U.S.C. § 16911(5)(B) upon which Defendant is not relying, and the court has found none.

15

defendant to collaterally attack the domestic court order underlying the requirement to pay child support which resulted in a conviction under the Child Support Recovery Act); United States v. Vanderson, 2011 WL 553918, at **2-3 (M.D. Ga. February 8, 2011) (trial court denied the defendant's attempt to collaterally attack the validity of a prior conviction the prosecution sought "to use as an admission in a subsequent federal prosecution for the same conduct").

Defendant does not contend that he was denied the right to counsel in either the prior state conviction or the conviction in Hungary but appears to contend that his counsel was ineffective in those cases for failing to alert him to the reporting requirements for sex offenders. [Doc. 17 at 12]. Defendant may not collaterally attack the underlying convictions on those grounds. His motion to dismiss should be denied to the extent he relies on this argument.

## III.  Conclusion

For the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendant's motion [Doc. 17] to dismiss be **DENIED**.

There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case.

16

AO 72A
(Rev.8/82)

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, declared Ready for Trial.

**SO RECOMMENDED AND ORDERED** this 13th day of December, 2012.

_/s/ Janet F. King_
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

17